NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RAMANAND DURGA, | : | Civil No. 06-2444  (AET) |
|  | : |  |
| Plaintiff, | : | **MEMORANDUM & ORDER** |
|  | : |  |
| v. | : |  |
|  | : |  |
| MBNA AMERICAN BANK, NA, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

THOMPSON, U.S.D.J.

This matter comes before the Court on Plaintiff Ramanand Durga's Motion to Vacate an

Arbitration Judgment pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10.  The Court

has decided this motion after considering the parties' written submissions and without oral

argument pursuant to Fed. R. Civ. P. 78.  For the reasons below, the Court will deny the motion.

Plaintiff, who is pro se, filed a complaint styled as a motion to vacate an arbitration

judgment with this Court on May 26, 2006.  The Court is mindful that pro se complaints are to be

construed liberally and are held to a "less stringent standard[] than formal pleadings drafted by

lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Accordingly, the Court will construe

Plaintiff's filing to include both a complaint and a motion to vacate an arbitration award.

Plaintiff's motion seeks to vacate an order by an arbitrator from the National Arbitration

Forum that issued an award in favor of Defendant MBNA America Bank, N.A. (which is

misnamed in Plaintiff's complaint as MBNA American Bank, N.A.).  Plaintiff alleges that he

does not owe Defendant any money and did not apply for or receive services from Defendant.

He also alleges that Defendant did not provide certain documentation, as required by the Fair

Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g.

Defendant's letter brief in opposition to Plaintiff's motion contends that (1) Plaintiff does

not have standing and (2) this Court lacks jurisdiction for the relief sought.  Defendant contends

that Plaintiff does not have standing because Plaintiff is Ramanand Durga, Senior, the father of

the Ramanand Durga who appears as the respondent in the arbitration order.  This Court notes,

however, that the order only specifies the respondent's name and address, which are identical to

those of Plaintiff.  In addition, Plaintiff asserts that he is the respondent involved in the

arbitration.  Under these circumstances, where Plaintiff alleges both an injury due to the presence

of his name and address in the arbitration order and involvement as a party in the arbitration, the

Court finds that the Plaintiff has standing.  See UPS Worldwide Forwarding v. United States

Postal Serv., 66 F.3d 621, 625-26 (3d Cir. 1995) (outlining the requirements for standing);

Wenrich v. Robert E. Cole, P.C., No. 00-2588, 2000 U.S. Dist. LEXIS 18687, at *8-10 (E.D. Pa.

2000) (granting standing to any person aggrieved under the FDCPA, as debt collection agents

may sometimes target the wrong person because of mistaken identity or mistaken facts).  The

Court also finds that it has jurisdiction over Plaintiff's claims because he alleges violations of the

FDCPA.  See V.I. Hous. Auth. v. Coastal Gen. Constr. Servs. Corp., 27 F.3d 911, 916 (3d Cir.

1994).

Pursuant to the FAA, a court may vacate an arbitration award only if (1) the award was

procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in

the arbitrators; (3) the arbitrators were guilty of misconduct in refusing to postpone the hearing,

upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10(a).  Plaintiff's motion did not establish any of these grounds.  Therefore, the Court will deny the motion.  The Court notes, however, that this decision does not close the case because Plaintiff has also alleged a claim under the FDCPA in his complaint.

     For the foregoing reasons, and for good cause shown,

     IT IS on this 10th day of August, 2006,

     ORDERED that Plaintiff's Motion to Vacate an Arbitration Award [1] is DENIED.


                  s/ Anne E. Thompson
                  ANNE E. THOMPSON, U.S.D.J.